■ QUEENSBURY UNION FREE SCHOOL DISTRICT, Respondent, v JIM WALTER CORPORATION et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered October 27, 1983 in Warren County, which denied defendants' motion for summary judgment and granted plaintiff's motion to amend its complaint. ¶ The facts underlying this action have been set forth previously (82 AD2d 204, app dsmd 55 NY2d 745). At that time, plaintiff's causes of action for implied warranty and strict products liability against certain defendants were dismissed[*] but the negligence cause of action

---

* The implied warranty cause of action was held barred by the Statute of Limitations and the strict products liability claim was dismissed for failure to state a cause of action.

remained viable as not time barred (*id.*). Subsequently, we affirmed Special Term's dismissal of this negligence claim for failure to state a cause of action (94 AD2d 834). Since that time, plaintiff has moved by order to show cause to file a second amended complaint reflecting these dismissals and the settlement of various claims against other defendants. This second amended complaint would also change the caption preceding certain allegations from "THE PLAINTIFF SHOULD BE AWARDED EXEMPLARY AND PUNITIVE DAMAGES AGAINST THE DEFENDANTS CELOTEX AND JIM WALTER CORPORATION" to "AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION", although none of the allegations following the caption would be changed. This amendment would make clear that plaintiff is alleging a separate cause of action in fraud, such fraud not being barred by the Statute of Limitations, although "fraud" is not stated anywhere in the allegations. Defendants resisted this amendment on the ground that the fraud allegations were merely incidental to the warranty, negligence and strict products liability allegations and could not stand alone. Defendants also moved for summary judgment against themselves in the amount of $794.73, the amount remaining on the repair bond issued to plaintiff by defendant Aetna Casualty & Surety Company, which named defendant Celotex Corporation as principal. Special Term granted plaintiff's motion to amend its complaint and denied defendants' motion for summary judgment without prejudice. This appeal by defendants followed. ¶ Although amendments to pleadings should be "freely" granted (CPLR 3025, subd [b]) within the broad discretion of the lower court (see, e.g., *Murray v City of New York,* 43 NY2d 400, 404-405), such amendments should not be granted when the allegations contained therein are clearly without merit (see, e.g., *Maxwell v State Farm Mut. Auto. Ins. Co.,* 92 AD2d 1049, 1050). We have previously characterized the nature of plaintiff's action as contractual (94 AD2d 834, *supra*) and changing the caption preceding the allegations in question does not change our perception of the essence of plaintiff's complaint. The allegations of fraud relate to claimed misrepresentations made by defendants about the suitability of the two-ply roof and are similar to those made in *New York Seven-Up Bottling Co. v Dow Chem. Co.* (96 AD2d 1051, 1052, affd 61 NY2d 828), wherein the court dismissed the allegations of fraud because they were incidental to the strict products liability cause of action, which was dismissed as time barred. Likewise, plaintiff cannot rely on allegations of fraud which are incidental to a complaint which is contractual in nature to invoke a longer Statute of Limitations and thereby keep its lawsuit viable (see, also, *Quinn v Hoover & Strong,* 96 AD2d 1145, 1146; but cf. *Angie v Johns Manville Corp.,* 94 AD2d 939, 940). There being no merit to the allegations which plaintiff, by its amendment, now seeks to denominate as a separate and distinct cause of action sounding in fraud, no purpose would be served by granting such an amendment and it was an abuse of discretion for Special Term to grant this proposed amendment. ¶ We further conclude that Special Term erred in not granting summary judgment against defendants for the amount remaining on the repair bond. The bond guaranteed that for 20 years defendant Celotex would repair any leaks caused by ordinary wear and tear by the elements. Defendants' uncontroverted evidence demonstrates that this bond was written at least to the standard in the industry. Furthermore, the bond, as merely an agreement to repair, is not an express warranty of the future performance of the roof (see *Shapiro v Long Is. Light. Co.,* 71 AD2d 671). Moreover, the bond was not an exclusive remedy and did not limit in any way plaintiff's remedies under the Uniform Commercial Code, which have been held barred by the Statute of Limitations. Consequently, the bond cannot be deemed unreasonable or unconscionable, plaintiff cannot rely on the bond as a 20-year express warranty of performance, and plaintiff cannot invoke subdivision (2) of section

2-719 of the Uniform Commercial Code as providing additional remedies. Inasmuch as defendants admit liability under the bond, Special Term should have granted summary judgment to plaintiff for the amount remaining on the bond. This disposition renders it unnecessary to consider the propriety of plaintiff's remaining proposed amendments. ¶ Order reversed, on the law, without costs, defendants' motion granted, and summary judgment awarded to plaintiff for the amount remaining on the repair bond and amended complaint in all other respects dismissed. Kane, J. P., Main, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Special Term did not abuse its discretion in granting plaintiff's motion to amend its complaint. Amendments are to be freely granted as long as there is no showing of surprise or prejudice (*Bronson v Potsdam Urban Renewal Agency,* 74 AD2d 967). ¶ Plaintiff has amended the title of the third cause of action in its complaint to aver a theory of recovery based on fraud. The allegations supporting the cause of action had been incorporated into the complaint since 1979, when it was discovered by plaintiff that defendant Celotex Corporation knew the cause of roof failures, such as had occurred here, beginning back in 1965. When the amendment was made, the pertinent Statutes of Limitation had not yet run since the facts giving rise to the fraud cause of action were not discovered until after 1977 and plaintiff had six years in which to commence the fraud cause of action (CPLR 213, subd 8). ¶ For purposes of the Statute of Limitations, a claim in an amended pleading is deemed to relate back to the original pleading as long as notice of the occurrence out of which the new matter arose was contained therein (CPLR 203, subd [e]; Siegel, NY Prac, §§ 49, 237, pp 51, 291). Defendants were apprised of all the necessary elements of fraud in 1979: representation of a material existing fact, falsity, *scienter,* deception and injury. Plaintiff raised no new unknown or unalleged facts in its amended cause of action. ¶ I find no prejudice or surprise to defendants. Defendants were fully aware of the allegations supporting the fraud cause of action and, in fact, defendants responded to these allegations in their answer. ¶ Under the instant circumstances, I find inapplicable the cases cited for the general proposition that allegations of fraud which are merely incidental to the underlying cause of action which is time barred cannot resurrect such a cause of action. In the cases cited by the majority, the fraud causes of action were based on bare allegations of intent, inserted belatedly as a subterfuge to avoid the expired Statute of Limitations. Here, the fraud is not incidental to the contract cause of action and plaintiff's complaint does not make bare allegations of intent. The complaint is based on intercorporate memoranda tending to show the fraud committed by defendants. The fraud alleged is independent of the contract of sale. The cause of action for breach of contract existed without the allegations of fraud. The deciding factor here is that Celotex is alleged to have known that the product used for the roofing was not what Celotex represented it to be, that it would not do what Celotex represented it could do, and that plaintiff was induced by the false representations to part with its money. The deceit continued even after leaks developed and Celotex did not reveal the true nature of its product, which was known to them not to be what they originally represented it to be and what they continued to represent it to be. The seminal case in the field, *Glover v National Bank of Commerce* (156 App Div 247, 256, affd 219 NY 618), summarizes the appropriate test of the sufficiency succinctly: "[T]here would be no injury except for the fraud." Plaintiff's cause of action meets that criteria and the amendment was appropriately granted. ¶ The order should be affirmed.