OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and arbitration of plaintiff’s claims against defendants-appellants permanently stayed.
In July 1971, plaintiff, Cabrini Medical Center, retained defendants, Humphreys & Harding and Corbetta Construction Company, to serve as contractor and construction manager (the terms were by contract deemed synonymous) for the building of a 16-story addition to Cabrini’s medical complex in Manhattan. Article 7 of their contract stated: “Final payment, constituting the entire unpaid balance of the Contract Sum, shall be paid by the Owner to the Contractor Twenty (20) days after Substantial Completion of the Work * * * provided the Work has then been completed, the Contract fully performed, and a final Certificate for Payment has been issued by the Architect.” On December 20, 1973, the architect issued the certificate of substantial completion, and final payment was made to defendants. On November 22, 1974, plaintiff instructed its architect to release whatever funds had been retained pending completion of punch-list work. By that time a permanent certificate of occupancy had been issued and plaintiff had fully occupied the new facility. The retained funds were released on January 28, 1975.
*1061 On May 25, 1983, nearly a decade after final payment, occupancy of the building and release of the retained funds, the present suit was commenced, asserting a single cause of action against defendants for breach of contract based on fraud and negligence in construction of the building. Relying on the fact that masonry repair work was performed on the building in March 1977 and again in October 1981, Special Term denied defendants’ motion to stay arbitration and dismiss the complaint on Statute of Limitations grounds, and granted the alternative relief sought by defendants, compelling the parties to proceed to arbitration. The Appellate Division affirmed. Because plaintiff’s claim accrued prior to May 25, 1977, and is therefore time-barred, we reverse and direct that arbitration be permanently stayed.*
A cause of action against a contractor for defects in construction generally accrues upon completion of the actual physical work (see, State of New York v Lundin, 60 NY2d 987). By itself instructing its architect to release all funds payable to defendants, plaintiff here signaled the completion of work under the terms of the contract. Moreover, the issuance of a final certificate of payment by the architect (see, Board of Educ. v Celotex Corp., 58 NY2d 684, affg 88 AD2d 713) and complete occupancy of the building by plaintiff (see, State of New York v Lundin, 60 NY2d 987, 990-991, supra) further indicate that completion occurred prior to May 25, 1977. The repair work performed by defendants’ masonry subcontractor in October 1981 — installation of some eight square feet of back-up concrete block — was at most incidental to construction of the building and cannot serve to extend the accrual date of plaintiff’s cause of action (see, Phillips Constr. Co. v City of New York, 61 NY2d 949, 951; State of New York v Lundin, 60 NY2d 987, 989, supra). Accordingly, plaintiff’s action for breach of contract is barred by the applicable six-year Statute of Limitations.
Plaintiff’s assertions of fraud and negligence contained within its breach of contract claim against defendants cannot serve to extend the Statute of Limitations. Even if a separate cause of action had been stated, plaintiff could not by allegations of fraud *1062 that are incidental to its complaint for breach of contract extend the life of its claim (see, Queensbury Union Free School Dist. v Walter Corp., 101 AD2d 992, 993, affd 64 NY2d 964; New York Seven-Up Bottling Co. v Dow Chem. Co., 96 AD2d 1051, 1052, affd 61 NY2d 828). While plaintiff invokes the “continuous treatment” doctrine (CPLR 214-a), neither the requisite professional relationship nor a course of “continuous treatment” after January 28,1975 were shown (see, Borgia v City of New York, 12 NY2d 151, 156-157; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214.22a). Nor is there any indication that plaintiff had a fiduciary relationship with its contractor, so as to bring itself within the equitable estoppel doctrine (see, e.g., Erbe v Lincoln Rochester Trust Co., 13 AD2d 211, appeal dismissed 11 NY2d 754).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
Order reversed, etc.

 Only so much of the order as denied a permanent stay of arbitration is before us, since the denial of defendants’ motion to dismiss is nonfinal and defendants were not aggrieved by the order insofar as it granted their alternative motion to compel arbitration. An order denying a permanent stay of arbitration is considered a final order in a special proceeding and, as such, is appealable to this court (see, Cohen and Karger, Powers of the New York Court of Appeals § 31, at 129, n 11 [rev ed]). Defendants’ motion having been made under CPLR 7503, a motion to dismiss the complaint under CPLR 3211 would not now be barred by CPLR 3211 (e).