■ BOARD OF EDUCATION OF THE HUDSON CITY SCHOOL DISTRICT, Respondent-Appellant, v THOMPSON CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Respondent, and SARGENT, WEBSTER, CRENSHAW & FOLLEY, Appellant; SKYWAY ROOFING COMPANY, INC., et al., Third-Party Defendants, and PHILIP CAREY CORPORATION et al., Third-Party Defendants-Appellants-Respondents. — Harvey J. Cross appeals from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered February 14, 1984 in Columbia County, which (1) denied defendant Sargent, Webster, Crenshaw & Folley's motion for summary judgment dismissing the complaint and granted plaintiff's motion for summary judgment dismissing said defendant's third affirmative defense, (2) dismissed the cross claim asserted against defendant Thompson Construction Corporation without prejudice to the commencement of a third-party action, and (3) granted defendant Thompson Construction Corporation's cross motion for summary judgment dismissing the complaint and all other motions and third-party actions against said defendant.

On March 21, 1966, plaintiff engaged defendant Sargent, Webster, Crenshaw & Folley (Sargent), an architectural partnership, to prepare plans and specifications for a new high school building and to supervise its construction. The contract was in the usual and traditional form with the exception that it included the additional requirement that Sargent inspect the building three times subsequent to its completion at the rate of once per year and to advise plaintiff as to any measures required to remedy possible defects in the building. In early 1969, plaintiff employed defendant Thompson Construction Corporation (Thompson) as the general contractor for the construction of the building. Thereafter, the work progressed and plaintiff made its final payment to Thompson on September 27, 1972, after Sargent had issued its final certificate of completion on September

18, 1972. Shortly thereafter the roof began to leak. Quite some time later plaintiff commenced this action against the architect and the general contractor for a number of causes of action but primarily, in our opinion, for breach of contract and warranty to recover for what it claimed to be a completely defective roof.

The merits of the action are not before us at this time. The only issues concerning us are the application of the Statute of Limitations to the commencement of the actions against the two defendants. The earliest date established in the record as the commencement of the action against Sargent was October 26, 1979. The summons was served on Thompson a short time thereafter, but for purposes of this appeal the difference between the two dates is of no significance.

Both primary defendants moved for summary judgment dismissing the complaint as barred by the Statute of Limitations. The motion was denied as to Sargent but granted as to Thompson. These cross appeals ensued. Because of the factual and legal dissimilarity, we must address each motion separately.

A cause of action against an architect for breach of his contract to design and oversee the construction of a structure is governed by the six-year Statute of Limitations set forth in CPLR 213 (2) (*see, Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 395). Ordinarily, a cause of action against an architect for breach of his contract accrues on the date the final certificate of completion is issued by the architect (*State of New York v Lundin,* 60 NY2d 987, 989). However, there were certain admitted facts which Special Term relied upon in concluding that the Statute of Limitations did not begin to run against the architect in this case, Sargent, until at least two years after the final certificate. There was a considerable amount of uncontradicted evidence tending to establish that Sargent learned during the construction that the roof was not being built with proper materials nor in a workmanlike manner. Sargent carried on negotiations with the general contractor, Thompson, over a rather considerable period of time and made decisions which were never divulged to plaintiff. Following completion, Sargent, in accordance with its contract, made a number of inspections of the roof and consulted with plaintiff in regard thereto but never informed plaintiff as to the actual defects in the roof. During this period of time and until 1979, Sargent continued in the same capacity as it had when it first contracted with plaintiff. In that year, plaintiff decided to terminate its relationship with Sargent and this action resulted from that decision.

Special Term concluded that the Statute of Limitations was tolled for as long as the confidential professional relationship

between plaintiff and Sargent existed. If the relationship existed only for the period of time provided in the architect's contract, the statute was tolled for a sufficient period of time to make the commencement of the action timely. In making its determination, Special Term relied upon *Borgia v City of New York* (12 NY2d 151), which established the "continuous treatment doctrine". Although that particular case involved medical malpractice, it has been expanded to include all claims, irrespective of the applicable Statute of Limitations, where, due to the professional relationship, its use is appropriate (*Greene v Greene,* 56 NY2d 86, 93-95). This action having been commenced within six years after termination of the owner-architect relationship, Special Term properly dismissed Sargent's affirmative defense based on the Statute of Limitations.

The action against Thompson is governed by different law and facts. In this instance, the causes of action accrued against Thompson on September 18, 1972 and the statute was not tolled thereafter. No professional relationship existed between plaintiff and Thompson. There is nothing in the record establishing that Thompson made any misrepresentation which induced plaintiff to delay the commencement of the action. Consequently, the doctrine of equitable estoppel is unavailable to plaintiff (*see, Cabrini Med. Center v Desina,* 64 NY2d 1059; *Atkins & Durbrow v Home Indem. Co.,* 84 AD2d 637, *affd* 55 NY2d 859).

On appeal, plaintiff urges us to conclude that the contract required performance two years beyond the completion date. Thompson agreed that both itself and the roofing subcontractor would provide plaintiff with a written instrument guaranteeing the roof against any defect for a period of two years. The instrument was never executed nor delivered to plaintiff. Thompson's failure to provide plaintiff with the instrument was a breach of contract which brought about an immediate accrual of a cause of action. Plaintiff misinterprets the contract and cites the form language of the guarantee as constituting promises on the part of the contractor to inspect and repair for a two-year period. However, Thompson never executed that form provision and was not required to abide by its terms. The same applies to the 20-year bond. We agree that all of plaintiff's causes of action against Thompson accrued more than six years before commencement of the action and are thus barred by the Statute of Limitations.

Affirming Special Term as we do as to the issues discussed, it follows that the remaining determinations must also be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.