■ GREATER JOHNSTOWN CITY SCHOOL DISTRICT, Appellant-Respondent, v CATALDO & WATERS, ARCHITECTS, P. C., Respondent-Appellant, et al., Defendants.—Weiss, J. Cross appeals from an order of the Supreme Court (Amyot, J.), entered December 8, 1988 in Fulton County, which, *inter alia,* denied plaintiff's motion to dismiss the second affirmative defense of defendant Cataldo & Waters, Architects, P. C., and denied said defendant's cross motion for summary judgment dismissing the complaint against it.

On April 3, 1979, plaintiff contracted with defendant Cataldo & Waters, Architects, P. C. (hereinafter defendant) to provide architectural services as part of energy conservation projects at eight of its buildings, which included, in the part here relevant, installation of insulation between the ceiling panels and roof deck of a one-story building known as Pleasant Avenue Elementary School in the City of Johnstown, Fulton County.* Plaintiff alleges that the architectural services included design and preparation of specifications, responsibility for observation and inspection of the performance of

---

* Plaintiff contracted separately for performance of the installation by a general contractor who, together with subcontractors, were also named defendants in this action. This action was discontinued against these defendants.

the work by contractors, selection of a clerk of the works, and providing advice as to the progress and completion of the work. On August 16, 1979, defendant provided plaintiff with a status report which indicated that installation of the insulation at Pleasant Avenue Elementary School was complete. Although defendant never provided either a certificate of final completion or one for final payment, as required by its contract, final payment for the installation was authorized and made by plaintiff in July 1980. Shortly thereafter, condensation and various attendant problems consequently arose inside the school, resulting in extensive damage. Plaintiff contends that an ongoing professional relationship with defendant existed between 1982 and 1986 in which it sought defendant's professional advice as to the causes of the problem and for recommended solutions, and that despite acceptance and implementation of each and every recommendation from defendant the problem continued and worsened. Finally, in a September 19, 1986 letter to plaintiff, defendant, for the first time, attributed the problem in part to the insulation, which had not been installed according to the drawings and specifications. In the instant lawsuit commenced on October 29, 1986, plaintiff has alleged three causes of action against defendant sounding in breach of contract, negligence and fraud. Plaintiff moved to dismiss the Statute of Limitations defense and defendant cross-moved for summary judgment dismissing the complaint. These cross appeals ensued following Supreme Court's denial of both motions.

We first consider whether the six-year Statute of Limitations governing contract actions (CPLR 213 [2]) bars plaintiff's first cause of action (see, Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389, 395). The amended complaint alleges that defendant breached the contract by its negligent preparation of specifications and by failing to properly supervise performance of the work by the contractors. Plaintiff's claim accrued, for the purposes of all Statutes of Limitation, on completion of the construction (supra, at 394). It is generally conceded that the contractors last worked on August 16, 1979 and that final payment was approved on July 7, 1980, albeit without the required documentation of entitlement furnished by defendant. Therefore, this suit, commenced October 29, 1986, more than six years after final payment, would ostensibly appear untimely (see, State of New York v Lundin, 60 NY2d 987). Plaintiff contends, however, and Supreme Court held, that the regular communications between the parties, coupled with defendant's efforts to ascertain the cause of the

problem and to offer a remedial solution to cure, established a continuing relationship well beyond the date when the contractors' work was completed and paid for. In *Board of Educ. v Thompson Constr. Corp.* (111 AD2d 497) this court, finding that the relationship between an owner and an architect was a professional one, held that "a continuous treatment doctrine" existed *(see, Borgia v City of New York,* 12 NY2d 151) which tolled the Statute of Limitations beyond the date of completion of construction and final payment.

Defendant characterizes our application of the continuous treatment doctrine to toll the Statute of Limitations in *Board of Educ. v Thompson Constr. Corp. (supra)* as a departure from the rule in contract cases that the limitation of time commences to run when construction has been completed *(see, e.g., Kassner & Co. v City of New York,* 46 NY2d 544, 550) and urges us to find that the continuation of an owner's relationship with the architect does not of itself serve to extend construction completion (citing *State of New York v Lundin, supra,* at 989; *see also, Cabrini Med. Center v Desina,* 64 NY2d 1059; *Phillips Constr. Co. v City of New York,* 61 NY2d 949). Defendant further argues that since an architect's claim for contribution against a contractor can be time barred at the same time the architect can be held liable to an owner under the continuous treatment doctrine *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 125 AD2d 27, *affd* 71 NY2d 21), an unfair anomaly is created and urges that we reverse our previous position expressed in *Board of Educ. v Thompson Constr. Corp. (supra).*

We find that the cases relied upon are distinguishable and decline to depart from our previous holding. In *State of New York v Lundin (supra),* the evidence showed that the owner had indeed accepted and paid for the architects' (and contractors') work, and effectively discharged them under the contract and that no mention of any actual ongoing construction after the completion date appeared; rather, only paperwork relating to price adjustments and incidental matters remained. The cases of *Phillips Constr. Co. v City of New York (supra)* and *Cabrini Med. Center v Desina (supra)* both involved owners' breach of contract claims against the general contractors, not architects. In all three cases, the claims asserted more than six years after actual completion of construction, acceptance by the owner and final payment were held to be time barred. In contrast, in this case against architects, there is proof that defendant actively continued its responsibilities under the contract by working for and with

plaintiff for several years after construction had been completed, trying to analyze and identify the causes of the problem and devise a remedy. The evidence in this record supports a finding that the professional relationship continued unabated until defendant's September 1986 letter to plaintiff, which triggered this suit one month later. This action was therefore timely and the Statute of Limitations defense to the contract action should have been dismissed.

We further find that time limitations should not serve to bar either the second cause of action alleging fraud (CPLR 213 [8] [six years]) or the third cause of action based upon negligence (CPLR 214 [three years]), but that the timeliness issue as to each presents factual issues more properly determined at trial. Plaintiff contends that defendant was aware of and concealed the causes of the problem until 1986, that it relied upon defendant's superior knowledge and expertise, and was misled and forestalled from timely action against the contractors. Defendant, on the other hand, alleges that plaintiff was fully aware that the insulation was at the root of the condensation problem as early as 1979 and should have timely sued the contractors. These are factual issues and resolution is best made by a trier of the facts rather than by motion. We note that contrary to defendant's assertions, plaintiff has alleged a cause of action for fraud separate and distinct from its breach of contract cause, which we have already held was timely. While allegations of fraud may not be incidentally asserted to salvage an otherwise time-barred breach of contract claim *(see, Cabrini Med. Center v Desina, supra; Queensbury Union Free School Dist. v Walter Corp.,* 101 AD2d 992, *affd* 64 NY2d 964), that situation does not pertain here.

Finally, we consider whether plaintiff's third cause of action for negligence was time barred. The amended complaint alleges that defendant breached its duty to exercise the reasonable care of a prudent professional by negligently failing to exercise its skill and expertise to discover and inform plaintiff of the cause of the problem, and that plaintiff was delayed and frustrated in seeking recovery of its damage from the contractors. Negligence is governed by a three-year Statute of Limitations (CPLR 214). Plaintiff has offered proof that it both sought and received continued services, advice and expertise from defendant in solving the condensation problem throughout the period from 1980 to 1986. Defendant, on the other hand, contends that plaintiff was fully aware of the cause of the problem as early as 1979 and that, if dissatisfied with defendant's failure to provide a remedy, it should have dis-

charged defendant and commenced suit in 1982 rather than 1986. These conflicting arguments present a triable issue of fact not determinable by motion. Similarly, whether any duty, which may have developed out of the relationship of the parties independent of the original contract, was negligently breached by defendant (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 146 AD2d 190, 199) presents a triable issue of fact. Plaintiff argues that the professional relationship with defendant was continued and extended until the September 19, 1986 letter in which defendant wrote "some areas [of insulation] were apparently not installed in accordance with the drawings and specifications" and that this may have, in part, caused the condensation problem. Whether defendant was negligent in its efforts to identify and cure the problem should be determined upon a trial, if it initially has been determined that suit was commenced within three years after the relationship between the parties ended.

Supreme Court's order should therefore be modified by reversing so much thereof as denied plaintiff's motion to dismiss defendant's affirmative defense of the Statute of Limitations as barring plaintiff's first and second causes of action. Plaintiff's motion should be granted to that extent and, as thus modified, affirmed.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the second affirmative defense regarding the first and second causes of action of the complaint; motion granted to that extent and said portions of the second affirmative defense are dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.