■ BAYRIDGE AIR RIGHTS, INC., Appellant, v BLITMAN CONSTRUCTION CORP. et al., Respondents and Third-Party Plaintiffs-Respondents. SERGE ELEVATOR Co., INC., et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered on January 4, 1989, which granted the motion by defendants Blitman Construction Corp. and Traveler's Indemnity Company and the motion by the third-party defendants for summary judgment dismissing the complaint as time barred, and which denied plaintiff's motion to dismiss the affirmative defense of the Statute of Limitations and to increase the ad damnum clause, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about October 2, 1989, which denied plaintiff's motion for renewal, unanimously affirmed, without costs.

In the underlying action, plaintiff Bayridge Air Rights, Inc., a limited-profit housing corporation, sought to recover from defendant Blitman, as contractor, and its surety, defendant Traveler's Indemnity Co., monetary damages for the allegedly defective construction of a 611-unit high-rise housing complex located in the Bay Ridge section of Brooklyn.

Contrary to plaintiff's assertions, plaintiff's cause of action for breach of contract, brought in April 1981, was time barred by the six-year Statute of Limitations set forth in CPLR 213 since plaintiff's cause of action against the defendants for construction defects accrued upon substantial completion of construction when the owner took occupancy of the building in April of 1972. *(Cabrini Med. Center v Desina,* 64 NY2d 1059; *State of New York v Lundin,* 60 NY2d 987.)

Similarly, plaintiff's written agreement with defendant Blitman, wherein the plaintiff purported to postpone the accrual of the Statute of Limitations period to some indefinite date in the future, did not conform with General Obligations Law § 17-103, governing agreements to extend, waive or not plead the Statute of Limitations, thereby rendering the parties' agreement void and unenforceable *(Kassner & Co. v City of New York,* 46 NY2d 544; *Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427).

Equally devoid of merit is plaintiff's claim that the defendants were equitably estopped from asserting the Statute of Limitations as a defense since plaintiff failed to allege that defendant Blitman made false representations or conducted itself in such a manner as to mislead the plaintiff into believing that the time limitation would not be invoked. *(State of N. Y. Higher Educ. Servs. Corp. v Zamore,* 59 NY2d 933; *Matter of Carr,* 99 AD2d 390; *Rosenthal v Reliance Ins. Co.,* 25 AD2d 860, *affd* 19 NY2d 712.)

Finally, plaintiff failed to demonstrate its entitlement to renewal by not demonstrating that material new facts were being presented to the court for the first time and a justifiable excuse for its failure to present the new evidence at the time of the original application, or that the court has misapprehended relevant facts or misapplied controlling principles of law. *(Matter of Kadish v Colombo,* 121 AD2d 722; *Foley v Roche,* 68 AD2d 558.) Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.