■ NIAGARA UNIVERSITY, Respondent, v TRAUTMAN, KING, MARKWART ASSOCIATES, P. C., et al., Defendants, and SICOLI & MASSARO, INC., Appellant. [619 NYS2d 232] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have dismissed plaintiff's causes of action against Sicoli & Massaro, Inc. (defendant). The record establishes that plaintiff and defendant entered into a contract on September 26, 1982, to replace the roof of the Seton Hall building on plaintiff's campus. That contract was substantially completed on January 10, 1983, and final payment was received on June 20, 1983. On May 31, 1991, plaintiff commenced this action alleging negligence and breach of contract. Because the action was commenced more than six years after defendant received final payment, plaintiff's causes of action for negligence and breach of contract are barred by the applicable Statutes of Limitations *(see,* CPLR 213, 214; *City of Niagara Falls v Rudolph,* 97 AD2d 971).

Plaintiff contends, however, that defendant is equitably estopped from asserting the Statute of Limitations and that the Statute of Limitations is tolled by the continuing professional relationship between the parties. We disagree. The record fails to show that defendant "made false representations or conducted itself in such a manner as to mislead the plaintiff into believing that the time limitation would not be invoked" *(Bayridge Air Rights v Blitman Constr. Corp.,* 160 AD2d 589, 590, *affd* 80 NY2d 777; *see, Murphy v Wegman's Food Mkts.,* 140 AD2d 973, *lv denied* 72 NY2d 808; *Marvel v Capital Dist. Transp. Auth.,* 114 AD2d 612, *affd* 67 NY2d 729). Moreover, there was no ongoing fiduciary relationship between the parties to toll the Statute of Limitations *(see, Cabrini Med. Ctr. v Desina,* 64 NY2d 1059, 1062; *Board of Educ. v Thompson Constr. Corp.,* 111 AD2d 497, 499).

Plaintiff alternatively contends that the action is timely because defendant agreed to provide a 10-year written express warranty on the roof. No warranty was ever executed by defendant and provided to plaintiff and, therefore, plaintiff's causes of action are time-barred *(see, Board of Educ. v Thompson Constr. Corp., supra,* at 499; *see also, Coffey v United States*

*Gypsum Co.,* 149 AD2d 960, *lv denied* 74 NY2d 610; *cf., Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Dismiss Complaint.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.