■ Forest Medical Professional Condominium, Appellant, v Davis R. Tiburzi et al., Respondents. [627 NYS2d 501] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted summary judgment dismissing the complaint against defendants Davis R. Tiburzi, D.R.T. Development Corp. and Barden & Robeson Corporation. Plaintiff failed to controvert evidence that D.R.T. Development Corp. was incorporated on April 10, 1990, and thus could not have been involved in any construction or repair work performed prior to 1990. Although plaintiff submitted hearsay evidence that Barden & Robeson Corporation may have been involved in the initial construction of the building, hearsay alone is not sufficient to defeat a motion for summary judg-

ment *(see, Callari v Pellitieri,* 130 AD2d 935, 936). Although Tiburzi is the President of defendant D.R.T. Construction Company, Inc. (D.R.T. Construction), there is no proof that Tiburzi performed any of the alleged acts in his personal capacity.

We reject the contention that summary judgment should have been denied because plaintiff had no opportunity to conduct discovery concerning each defendant's role in the construction and repair of the building. Plaintiff had a year in which to conduct that discovery *(see, Meath v Mishrick,* 68 NY2d 992, 994-995) and has failed to show that facts pertaining to that issue are within the exclusive knowledge of defendants *(see,* CPLR 3212 [f]; *People v United Funding,* 106 AD2d 846, 847, *lv denied* 64 NY2d 609).

The court properly dismissed the complaint against D.R.T. Construction, because the causes of action against it for breach of contract, breach of warranty and fraud are time barred. The six-year Statute of Limitations applies to causes of action for breach of contract, which accrue upon completion of performance, i.e., upon actual physical completion of the work *(Phillips Constr. Co. v City of New York,* 61 NY2d 949, 951, *rearg denied* 62 NY2d 646; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 394). The record reveals that construction was completed in 1984 and that this action was commenced in 1992. There is no proof that D.R.T. Construction failed to construct the building in accordance with the offering plan or that it had a continuing contractual duty to correct defects *(cf., Greater Johnstown City School Dist. v Cataldo & Waters, Architects,* 159 AD2d 784; *Matter of Pigott Constr. Intl. v Rochester Inst. of Technology,* 84 AD2d 679). Further, there is no proof that a continuing professional relationship existed that would warrant application of the " 'continuous treatment' " doctrine *(Cabrini Med. Ctr. v Desina,* 64 NY2d 1059, 1062). Plaintiff failed to show any facts to support its contention that repairs made in 1988 at the direction of D.R.T. Construction were part of a continuing contractual relationship between plaintiff and D.R.T. Construction. That repair work was incidental to the initial construction work and could not serve to extend the accrual date of the causes of action for breach of contract, breach of warranty or fraud *(see, Cabrini Med. Ctr. v Desina, supra; State of New York v Lundin,* 60 NY2d 987). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.