■ In the Matter of DONALDSON ACOUSTICS, INC., Appellant, v NEW YORK INSTITUTE OF TECHNOLOGY, Respondent. [671 NYS2d 114] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated March 27, 1997, as denied its motion for a permanent stay of arbitration on the ground that the arbitration is barred by the Statute of Limitations, and granted the motion of the New York Institute of Technology to dismiss the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

In October 1988 the petitioner Donaldson Acoustics, Inc. (hereinafter Donaldson) and the respondent New York Institute of Technology (hereinafter NYIT) entered into a contract whereby Donaldson agreed to perform certain work at a library on NYIT's campus. Donaldson commenced work on the library in or about December 1988, and made its final request for payment in or about May 7, 1990. NYIT approved final payment on May 18, 1990, and issued final payment in August 1990. According to Donaldson, it last performed work on the library "during the week ending March 20, 1990".

On or about May 9, 1996, NYIT served Donaldson with a Demand for Arbitration alleging that it had breached the construction contract. Donaldson commenced the instant proceeding to stay arbitration of NYIT's claim on the ground, *inter alia*, that it was barred by the Statute of Limitations. The Supreme Court granted NYIT's motion to dismiss the petition. We reverse.

Under New York law the issue of whether NYIT's claim is time-barred is properly determined by the court in the instant proceeding (*see, Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith,* 516 US 811). In making this threshold determination, "the courts must apply the same period of limitations in arbitration that would govern if an action were brought on the claim being arbitrated" (*Matter of Smith Barney, Harris Upham & Co. v Luckie, supra,* at 206-207). Here, the applicable period of limitations is six years (*see,* CPLR 213 [2]).

"[I]n construction contract cases, the completion of construction is the accrual date for an owner's claims against a general contractor arising from defective construction (*see, State of New York v Lundin,* 60 NY2d 987; *Phillips Constr. Co. v City of New York,* 61 NY2d 949)" (*Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 699; *see, Middle Country Cent. School Dist. v O'Healy Constr. Corp.,* 230 AD2d 777, 778; *Forest Med. Professional Condominium v Tiburzi,* 214 AD2d 962, 963). The record contains sufficient evidence demonstrating that Donaldson completed its construction on the subject project more than six years before NYIT served its demand for arbitration. Thus, NYIT's demand for arbitration is time-barred. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.