■ SPLINTERS, INC., Doing Business as SPLINTERS GENERAL CONTRACTOR, Respondent, v ALAN B. GREENFIELD et al., Appellants. (Action No. 1.) SPLINTERS, INC., Doing Business as SPLINTERS GENERAL CONTRACTOR, Respondent, v ALAN B. GREENFIELD et al., Appellants. (Action No. 2.) [880 NYS2d 328]—

In two related actions to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Kerins, J.), dated December 11, 2008, which, inter alia, denied that branch of their motion which was to dismiss the action bearing Suffolk County index No. 05-29899, and denied that branch of their motion which was to dismiss the complaint in the action bearing Suffolk County index No. 06-27594 and for leave to enter a default judgment on their counterclaim in that action.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the action bearing Suffolk County index No. 05-29899 and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the complaint in the action bearing Suffolk County index No. 06-27594 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

By summons with notice dated December 19, 2005, the plaintiff commenced an action bearing Suffolk County index No. 05-29899 seeking to recover damages in the sum of $46,000 for breach of an unspecified contract. On or about February 7,

2006 the defendants served a demand for a complaint pursuant to CPLR 3012. On October 25, 2006, without having responded to the demand for a complaint in the 2005 action, the plaintiff, appearing by a second attorney, commenced a second action, bearing Suffolk County index No. 06-27594 seeking to recover damages in the sum of $30,591 for the breach of a home improvement contract. The defendants thereafter answered the complaint in the 2006 action, asserting a counterclaim for damages for breach of the same contract in the sum of $43,320. On or about June 13, 2007 the plaintiff served a document that was purportedly a reply to the counterclaim in the 2006 action, but which bore the 2005 index number.

By notice of motion dated January 18, 2008, the defendants moved for joinder of the actions for pretrial and trial purposes, dismissal of the complaint in the 2006 action as time-barred, dismissal of the 2005 action for failure to serve a complaint, and leave to enter a default judgment in the 2006 action granting the relief requested in the counterclaim based upon the plaintiff's failure to reply. In opposition to the motion, the plaintiff, appearing by a third attorney, asserted, on the basis of an affirmation from its second attorney, that the second attorney had prepared a complaint in the 2005 action, but his paralegal, who was unfamiliar with the procedure to be followed when an action has been commenced by summons with notice, had improperly commenced the 2006 action instead. The plaintiff cross-moved for leave to serve a complaint in the 2005 action, leave to serve a reply to the counterclaim in the 2006 action, and for consolidation of the two actions. The Supreme Court, reasoning that public policy favors resolution of disputes on the merits (*see Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673 [2006]), inter alia, denied those branches of the defendants' motion which were to dismiss the actions, granted the plaintiff's cross motion for leave to serve a complaint in the 2005 action, and directed that the actions be tried jointly.

The Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the complaint in the 2006 action. An action to recover for breach of a construction contract accrues on the last date work was performed (*see Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984]; *Stewart v Stuart*, 262 AD2d 396 [1999]; *Matter of Donaldson Acoustics v New York Inst. of Tech.*, 249 AD2d 391 [1998]; *see also Petracca v Petracca*, 305 AD2d 566, 567 [2003]). It is undisputed that the work under the alleged contract was completed on February 5, 2000 and that the second action was not commenced until November 6, 2006. Applying the six-year

statute of limitations for breach of contract causes of action established by CPLR 213 (2), the 2006 action is untimely. Since the counterclaim is deemed interposed at the same time as the complaint (*see Kuslansky v Kuslansky, Robbins, Stechel & Cunningham, LLP*, 50 AD3d 1101 [2008]), it is also barred by the statute of limitations. Therefore, the Supreme Court properly denied that branch of the defendants' motion which was for leave to enter a default judgment on the counterclaim in that action.

The Supreme Court improvidently exercised its discretion in denying the branch of the defendants' motion which was to dismiss the 2005 action. In order "[t]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (*Balgley v Cammarata*, 299 AD2d 432 [2002] [internal quotation marks omitted]; *see Pristavec v Galligan*, 32 AD3d 834 [2006]; *Maldonado v Suffolk County*, 23 AD3d 353 [2005]; *Giordano v Vanchieri & Perrier*, 16 AD3d 621 [2005]; *Tutora v Schirripa*, 1 AD3d 349 [2003]). The plaintiff offered no excuse for the failure to serve a complaint during the approximately seven-month period from the demand in February 2006 to October 2006 when it purportedly intended to serve a complaint but failed to do so allegedly as a result of law-office failure. Further, until an attorney of record withdraws or is changed or discharged in the manner prescribed by CPLR 321, his or her authority as attorney of record for his or her client continues, as to adverse parties, unabated (*see Moustakas v Bouloukos*, 112 AD2d 981, 983 [1985]). Thus, even if service of the complaint in October 2006 would have been timely, the service would have been ineffective, since the plaintiff's second attorney had not yet been substituted as counsel and therefore had no authority to act for the plaintiff in that action (*see* CPLR 321 [b]). The 2005 action should therefore have been dismissed for failure to respond properly and timely to the defendants' demand for a complaint.

In light of the foregoing, the defendants' remaining contentions have been rendered academic. Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.