Menendez v Abingdon Ct. Owners Corp. (2021 NY Slip Op 06809)





Menendez v Abingdon Ct. Owners Corp.


2021 NY Slip Op 06809


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 26161/14 Appeal No. 14763 Case No. 2020-04883 

[*1]Angel Menendez, Plaintiff-Appellant,
v
Abingdon Court Owners Corp., et al., Defendants-Respondents.
Abingdon Court Owners Corp., Initially Sued as Abingdon Court Owners Corp., Inc., Third-Party Plaintiff-Respondent,
v
Benmac Construction Inc., Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Weiner, Millo, Morgan & Bonanno, New York (Scott F. Morgan of counsel), for Bellet Construction Co., Inc., respondent.
Brody, O'Connor & O'Connor, New York (Thomas S. Reilly of counsel), for Abingdon Court Owners Corp., respondent.
Kaufman Borgeest & Ryan LLP, New York (Eldar Mayouhas of counsel), for Brenmac Construction, respondent



Appeal from order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 3, 2020, which denied plaintiff's motion to vacate a prior order that dismissed the action, unanimously dismissed, without costs.
On August 21, 2019, Subin Associates, LLP, plaintiff's third attorneys of record, received a "stop work" letter and a Consent to Change Attorney form substituting The Bogoraz Law Group, P.C. as attorney of record for plaintiff. The Consent to Change Attorney was not filed with the court, nor has The Bogoraz Law Group filed a Notice of Appearance with the court.
At a compliance conference held on June 25, 2019 the court directed all parties to appear at a compliance conference on October 22, 2019. On October 22, 2019 plaintiff failed to appear by either Subin Associates or by The Bogoraz Law Group. The court attempted to contact plaintiff's counsel but was unable to reach any person at Subin Associates and issued an order that same day directing the parties to appear at a conference on October 29, 2019, warning that "if plaintiff fails to appear this matter will be dismissed." On the same day, defendant Abingdon Court Owner's Corp., emailed a copy to Subin Associates, as directed by the court, with a letter requesting that they make note of the next day and arrange to have an attorney present. On October 29, 2019 plaintiff again failed to appear and the court dismissed the case for plaintiff's failure to appear.
On November 14, 2019, third-party defendant Brenmac Construction Inc., served the dismissal order on Subin Associates, with notice of entry. On November 18, 2019, Subin Associates served a "notice of rejection" of the dismissal order, informing defendants that on August 21, 2019 it had received a "stop work" letter from plaintiff together with a consent to change attorney form, and that it believed The Bogoraz Law Group had been plaintiff's counsel since that date.
The Bogoraz Law Group moved to vacate the order of dismissal and restore the matter. Defendant and third-party defendant opposed. The court denied the motion.
The "stop work" letter allegedly sent by plaintiff to Subin Associates, LLP, notwithstanding, Subin Associates was plaintiff's attorney of record, and was served the dismissal order after plaintiff defaulted in appearing at two conferences. No consent to change attorney had then, or has since, been filed in the manner prescribed by CPLR 321(b)(1), and neither Subin Associates nor incoming counsel, the Bogoraz Law Group, had, or has since, sought a judicial order to effectuate the change, pursuant to CPLR 321(b)(2) (see Armand v Raman, 96 AD3d 510 [1st Dept 2012]; Hawkins v Lenox Hill Hosp., 138 AD2d 572, 573 [2d Dept 1988]). Accordingly, the Bogoraz Law Group has no standing to represent plaintiff, vacate the order of dismissal and restore the matter, and the notice of appeal it filed on plaintiff's behalf is a nullity (see Spallone v Spallone, 171 AD3d 527 [1st Dept 2019], lv denied [*2]33 NY3d 910 [2019]; Splinters, Inc. v Greenfield, 63 AD3d 717, 719 [2d Dept 2009]).
Under the circumstances of this case, which has been plagued by delays relating to discovery and the filing of this and other substitutions of counsel for plaintiff, with resulting prejudice to defendants, plaintiff's belated application to deem valid the noncompliant consent to change attorney filed after the action was dismissed or, alternatively, to grant leave to file a properly executed one nunc pro tunc, is denied (see Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021