■ 196 OWNERS CORP., Respondent, v HAMPTON MANAGEMENT Co., Appellant, et al., Defendants. [642 NYS2d 316] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 5, 1995, which, insofar as appealed from, denied defendant Hampton Management's motion to dismiss the amended complaint pursuant to CPLR 3211, unanimously affirmed, with costs.

The amended complaint essentially alleges that Hampton Management breached its management agreement with plaintiff cooperative housing corporation by failing to exercise due care in entering into a repair contract with defendant La Sala, supervising La Sala's work, and inspecting the work after it was performed. In light of the continuing confidential and fiduciary relationship existing between plaintiff and Hampton Management, the applicable six-year period of limitations did not begin to run until the relationship between the parties was terminated in 1993 (*see, Board of Educ. v Thompson Constr. Corp.*, 111 AD2d 497). Thus, this action, commenced in September 1993, is not time-barred. In any event, even had there not been such a close relationship between the parties, the earliest date from which the period of limitations would have begun to run would be October 1988, when the repair work was completed and paid for (*see, Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061).

While there is a "hold harmless" clause in the management agreement, the only clear intent that can be derived therefrom is that plaintiff is to indemnify Hampton Management for third-party claims, not that defendant Hampton Management is exculpated from the consequences of its own negligence in carrying out its obligations to plaintiff (*see, Gross v Sweet*, 49 NY2d 102). Moreover, any ambiguity in the agreement should be construed against the drafter (*see, 67 Wall St. Co. v Frank-*

*lin Natl. Bank,* 37 NY2d 245, 249), in this case, defendant-appellant Hampton Management, such that dismissal of the complaint on this ground of this motion is precluded.

We have considered defendant-appellant's other claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.