■ WESTCHESTER RELIGIOUS INSTITUTE, Respondent, v JEROME KAMERMAN et al., Appellants. [691 NYS2d 502] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 22, 1999, which, to the extent appealed from, denied defendants' motion for partial summary judgment dismissing the complaint seeking an accounting from defendants as time-barred with respect to alleged misconduct committed more than six years prior to the commencement of the action, unanimously affirmed, with costs.

As we noted in deciding the prior appeal in this matter, this is an action for breach of a fiduciary relationship (248 AD2d 116). Accordingly, the applicable statutory period is six years, which period does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated (*see, Matter of Barabash*, 31 NY2d

76, 80; *Matter of Winne*, 232 AD2d 956, 957-958; *196 Owners Corp. v Hampton Mgt. Co.*, 227 AD2d 296). Since defendants served as officers of plaintiff, a non-profit corporation, until August 29, 1990, this action commenced in January 1996 is timely. Moreover, since defendants cannot have been said to have openly repudiated their fiduciary obligations prior to leaving their positions of trust in 1990, the statutory period did not begin to run in defendants' favor until that time (*see, Matter of Barabash, supra; Matter of Winne, supra; 196 Owners Corp. v Hampton Mgt. Co., supra; see also, Matter of Zilkha*, 174 AD2d 331, 334). Accordingly, since the statutory period was tolled between the alleged fiduciary misconduct and August 29, 1990, the alleged misconduct antedating August 29, 1990 falls within the permissible temporal scope of the accounting being sought. Concur—Rosenberger, J. P., Tom, Saxe and Buckley, JJ.