■ MORRISON COHEN SINGER & WEINSTEIN, LLP, Appellant, v NETWORK INDUSTRIES CORP., Respondent. [739 NYS2d 39] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 16, 1999, which denied plaintiff's cross motion for summary judgment in part and granted defendant's motion for summary judgment in part, unanimously affirmed, without costs.

Plaintiff, as legal counsel, formerly represented defendant in its breach of contract action against Champion Products, Inc. The action was settled before trial in 1998 for $2.2 million. The parties do not dispute that plaintiff is owed a fee, but dispute how much, in particular contesting the interpretation of the fee clause in the retainer agreement and the calculation of the contingency portion of the fee stated therein. The agreement provided for "phase-related" caps on fees as well as for a contingency fee. The parties agreed to cap fees correlating with different phases of the legal representation, together with a schedule of payments of outstanding bills. The phased payments would reflect an agreed pretrial hourly billing up to a maximum limit of $160,000, which plaintiff has been paid.

The contingency fee clause of the agreement, termed a "success fee" by counsel, is presently in dispute. This clause results in significantly different mathematical outcomes for the gross fee under the different interpretations relied on by plaintiff and defendant, respectively. This clause states that if the litigation was settled prior to trial, in addition to other fees owed,

counsel would be entitled to "15% of the gross settlement amount less the amount you have paid us for legal fees and you have paid us for expenses and disbursements including, but not limited to, experts fees." The principal dispute concerns how, in light of this phrasing, the already paid capped fee was to be applied in the calculation of the contingency fee. That is, the dispute is whether the legal fee and disbursements already paid are first deducted from the gross settlement and then the remainder multiplied by 15% as urged by plaintiff or whether defendant's interpretation is correct, that 15% of the gross settlement is calculated first, and from that product are to be deducted the already-paid legal fee and disbursements.

In its September 13, 1999 decision, Supreme Court concluded, inter alia, that plaintiff is entitled to receive an amount equal to $170,000 less disbursements paid by defendant with respect to the "Champion" litigation. Mathematically, this calculation results from first applying the 15% rate against the $2.2 million settlement award to reach the contingency fee of $330,000, from which the already paid hourly fee of $160,000 was then deducted. We agree with this construction of the clause, a reasonable application which gives meaning to the literal reading of the fee agreement in its entirety. The inclusion of the cap of $160,000 on pretrial fees was obviously a measure intended to avoid essentially open-ended fees charged to defendant. Plaintiff would receive either hourly billings, as capped, or a contingency fee in the event the litigation was successful, as reduced by fees already paid. This formula was intended to reduce the contingency portion of the fee rather than reduce the gross settlement. Hence, as did Supreme Court, we agree with defendant's construction of the relevant phrasing. Although plaintiff complains that this reading is inconsistent with the usual $33^1/_3\%$ contingency fee, we would remind plaintiff that it wrote the agreement. Hence, to whatever extent the agreement is ambiguous in this regard, plaintiff cannot prevail. Plaintiff law firm drafted the agreement, and applying standard principles of contract construction, we construe ambiguities against the draftsman (*Jacobson v Sassower*, 66 NY2d 991, 993; *196 Owners Corp. v Hampton Mgt. Co.*, 227 AD2d 296), especially when it is drafted by sophisticated counsel (*Bank of N.Y. v Amoco Oil Co.*, 35 F3d 643, 662). Concur—Williams, J.P., Tom, Lerner, Buckley and Friedman, JJ.