RHONDA K. WOOD, Associate Justice
Appellant Carolyn Lawson appeals the circuit court's dismissal of her premises-liability suit against appellee Simmons Sporting Goods, Inc., for lack of personal jurisdiction. We affirm because Arkansas courts do not have jurisdiction to entertain Lawson's claims against Simmons.
I. Facts and Procedural Background
Simmons operates a retail-sporting-goods store in Bastrop, Louisiana. It is incorporated in Louisiana with its principal place of business in Louisiana. Simmons has never operated a store in Arkansas. However, Simmons advertises in Arkansas through promotional catalog inserts and display ads in Arkansas newspapers, promotional television ads, and online ads with the Arkansas Democrat-Gazette. It contracts with an Arkansas printing company to produce its print ads. Simmons also hosts a "Big Buck Contest," which awards a prize for the largest deer killed in Arkansas.
Lawson is a resident of Hamburg, Arkansas. In August 2012, she traveled with her daughter from Hamburg to Bastrop to attend Simmons's "Annual Tent Sale." Upon entering the store, she tripped on a rug in the foyer, fell, and broke her arm.
*868 In March 2015, Lawson filed suit against Simmons in the Ashley County Circuit Court. Simmons moved to dismiss the case for lack of personal jurisdiction pursuant to Arkansas Rule of Civil Procedure 12(b)(2). In response, Lawson argued that personal jurisdiction existed because Simmons (1) advertised in Arkansas; (2) held an annual "Big Buck Contest" in Arkansas; and (3) used an Arkansas printing company to produce advertisements for its store. Following a hearing, the circuit court found that Arkansas lacked personal jurisdiction over Simmons and dismissed the case.
Lawson appealed to the Arkansas Court of Appeals, which reversed, holding that Simmons's contacts with Arkansas were sufficient to warrant personal jurisdiction over Simmons. Lawson v. Simmons Sporting Goods, Inc. , 2017 Ark. App. 44, 511 S.W.3d 883, cert. granted, judgment vacated , --- U.S. ----, 138 S.Ct. 237, 199 L.Ed.2d 2 (2017) (Mem.). We denied Simmons's petition for review. Simmons then filed a petition for writ of certiorari with the United States Supreme Court. The Supreme Court granted the petition, vacated the judgment of the court of appeals, and remanded the case for further consideration in light of its recent decision in Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty. , 582 U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017).
On remand, the court of appeals affirmed the circuit court's dismissal of Lawson's complaint for lack of personal jurisdiction. Lawson v. Simmons Sporting Goods, Inc. , 2018 Ark. App. 343, 553 S.W.3d 190. It concluded that because there was no affiliation between Arkansas and the underlying controversy, which the Supreme Court in Bristol-Myers requires, there was no specific personal jurisdiction over Simmons. Id. Lawson then petitioned this court for review, and we granted the petition. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. James Tree & Crane Serv. v. Fought , 2017 Ark. 173, 518 S.W.3d 678.
II. Standard of Review
We first clarify our standard of review on a motion challenging personal jurisdiction. Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction are commonly founded on the parties' pleadings. However, the court may also consider matters outside the pleadings when ruling on a Rule 12(b)(2) motion. See, e.g. , Davis v. St. John's Health Sys., Inc. , 348 Ark. 17, 71 S.W.3d 55 (2002). In past cases, we have stated that consideration of facts beyond the pleadings converts a Rule 12(b)(2) motion to a Rule 56 motion for summary judgment. See, e.g. , Ganey v. Kawasaki Motors Corp., U.S.A. , 366 Ark. 238, 234 S.W.3d 838 (2006) ; Payne v. France , 373 Ark. 175, 282 S.W.3d 760 (2008) ; Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc. , 2013 Ark. 130, 426 S.W.3d 448. And in those cases, we reviewed the ruling under the summary judgment standard of review. Id. We now conclude that this practice was incorrect.
Rule 12(b) does not provide for this conversion. Rule 12(b) requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when "matters outside the pleading are presented to and not excluded by the court." Ark. R. Civ. P. 12 (2018); Ark. R. Civ. P. 56. But Rule 12 does not prescribe summary-judgment treatment of jurisdictional challenges when a factual record is developed and considered.
In addition, there are fundamental reasons for treating a Rule 12(b)(2) and a Rule 12(b)(6) motion differently given constitutional issues involving whether a state *869 can exercise jurisdiction over a nonresident. Converting a motion to dismiss on jurisdiction to summary judgment under Rule 56 has further ramifications.
[I]f the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action. In addition, a dismissal for want of jurisdiction has no preclusive effect and the same action subsequently may be brought in a court of competent jurisdiction. A summary judgment, on the other hand, is on the merits and purports to have preclusive effect on any later action. The court's role on the two motions also is different. On a motion attacking the court's jurisdiction, the ... judge may resolve disputed jurisdictional-fact issues. On a motion under Rule 56 the judge simply determines whether any issues of material fact exist that require trial.
Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 3d § 2713, at 239-40 (1998).
This is the view taken by most federal and state courts that have considered the issue, including the Eighth Circuit. Osborn v. U.S. , 918 F.2d 724 (8th Cir. 1990). We adopt this prevailing position, and we overrule those cases that have taken a contrary position. See, e.g. , Ganey , 366 Ark. 238, 234 S.W.3d 838 ; Payne , 373 Ark. 175, 282 S.W.3d 760 ; Hotfoot Logistics, LLC , 2013 Ark. 130, 426 S.W.3d 448.
When personal jurisdiction is raised in a Rule 12(b)(2) motion to dismiss, a circuit court must consider whether the undisputed facts as pled establish personal jurisdiction. If the circuit court's jurisdictional ruling is based on the complaint alone, or on the complaint supplemented by undisputed facts evidenced in the record, our review is de novo. We determine whether the circuit court's application of the law is correct and, if the decision is based on undisputed facts, whether those facts are indeed undisputed. See Osborn , 918 F.2d at 730.
However, the circuit court may consider evidence outside the pleadings on a Rule 12(b)(2) motion. A Rule 12(b)(2) motion may be supported with affidavits or other documents. An evidentiary hearing with witness testimony may be conducted on the issue. In considering this evidence, no presumptive truthfulness attaches to the plaintiff's allegations as the plaintiff has the burden of proving that jurisdiction exists. Hawes Firearm Co. v. Roberts , 263 Ark. 510, 512, 565 S.W.2d 620, 621 (1978) ("It is, of course, a fundamental principle that the plaintiff has the burden of proving that a non-resident defendant has sufficient contacts with Arkansas to be sued in personam."). And the existence of disputed material facts cannot preclude the circuit court from evaluating for itself the merits of the jurisdictional claim. If the circuit court resolves disputed factual issues, we review its findings for clear error. John Norrell Arms, Inc. v. Higgins , 332 Ark. 24, 32, 962 S.W.2d 801, 805 (1998) (holding that "the trial court did not clearly err in finding that Higgins did not have minimum contacts with the State of Arkansas").
In this case, the circuit court concluded that it lacked personal jurisdiction without resolving any disputed factual issues. Indeed, when making its ruling from the bench, it stated, "[T]he facts are not in really dispute." Furthermore, the circuit court was not required to and did not make any credibility evaluations. Therefore, we review the circuit court's decision de novo.
III. Personal Jurisdiction
Arkansas law provides that its courts shall have personal jurisdiction to the maximum extent allowed by the Due *870 Process Clause of the Fourteenth Amendment to the United States Constitution. See Ark. Code Ann. § 16-4-101(A)-(B) (Repl. 2010). Thus, in determining whether the circuit court was authorized to exercise personal jurisdiction over Simmons, we must determine whether the exercise of jurisdiction comports with due-process limits. See Int'l Shoe Co. v. Wash. , 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due-process requirements are satisfied when personal jurisdiction is asserted over a nonresident corporate defendant that has "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 316, 66 S.Ct. 154 (cleaned up). Minimum contacts must be based on "some act by which the defendant purposefully avails" himself of the forum state "such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz , 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
Personal jurisdiction can be either general or specific. See Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). Although Lawson initially alleged that Simmons was subject to both general and specific jurisdiction in Arkansas, she has abandoned her general-jurisdiction claim. Therefore, we limit our analysis to specific jurisdiction.
Specific personal jurisdiction concerns an "affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop , 564 U.S. at 919, 131 S.Ct. 2846 (cleaned up). The specific-jurisdiction analysis is confined to the adjudication of the issues "deriving from or connected with, the very controversy that established jurisdiction." Id. The focus of the specific-jurisdiction analysis is "the relationship among the defendant, the forum, and the litigation." Walden v. Fiore , 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014).
The Supreme Court recently reiterated its settled principles regarding specific jurisdiction in Bristol-Myers Squibb Co. , 582 U.S. ----, 137 S.Ct. 1773. In Bristol-Myers , a group of plaintiffs, including both California residents and nonresidents, brought a mass tort action against a pharmaceutical company, Bristol Myers Squibb Co. (BMS), in California. Id. at 1778. The plaintiffs asserted state-law tort claims for injuries they suffered after ingesting the drug Plavix. Id. BMS is incorporated in Delaware, headquartered in New York, and maintains operations in New York and New Jersey. Id. at 1777-78. It also has five research and laboratory facilities in California, but it did not develop, manufacture, label, package, or work on the regulatory approval for Plavix in California. Id. at 1778. The out-of-state plaintiffs were not prescribed the drug in California, did not purchase the drug in California, did not ingest the drug in California, and did not suffer injuries in California. Id.
The California Supreme Court held that BMS was subject to personal jurisdiction in California for the claims of the nonresident plaintiffs. Id. at 1778-79. Applying a "sliding scale approach," it concluded that "BMS's extensive contacts with California" permitted the exercise of specific jurisdiction "based on a less direct connection between BMS's forum activities and plaintiff's claims than might otherwise be required." Id. at 1779 (citing Bristol-Myers Squibb Co. v. Superior Court , 206 Cal.Rptr.3d 636, 377 P.3d 874, 889 (2016) ).
The United States Supreme Court granted certiorari and reversed. Id. at 1777. It explained that specific personal jurisdiction is proper only if the defendant's *871 suit-related conduct, principally an activity or an occurrence that takes place in the forum state, creates a substantial connection between the cause of action and the forum. Id. Absent a connection between the forum and the specific claims at issue, there is no personal jurisdiction. Id. at 1781 (citing Goodyear Dunlop Tires Operations , 564 U.S. at 919, 131 S.Ct. 2846 (2011) ). Because insufficient contacts existed between California and the nonresidents' claims against BMS, California could not exercise specific personal jurisdiction over BMS. Id. at 1781-82. The Supreme Court also rejected California's sliding-scale approach, which it said "resembles a loose and spurious form of general jurisdiction." Id. at 1781. It explained that
[f]or specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, a corporation's continuous activity of some sorts within a state ... is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.
Id. (internal quotation and citations omitted).
While this court had not adopted the sliding-scale approach, in prior cases we have endorsed the five-factor test to assess specific personal jurisdiction. See, e.g. , John Norrell Arms , 332 Ark. at 24, 962 S.W.2d 801 ) (citing Burlington Indus., Inc. v. Maples Indus., Inc. , 97 F.3d 1100 (8th Cir. 1996) ); see also Myers v. Casino Queen, Inc. , 689 F.3d 904 (8th Cir. 2012). Under the five-factor test, a court evaluating personal jurisdiction over a defendant must consider (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) the forum's interest in providing a forum for its residents; and (5) the convenience of the parties. Id. Because Bristol-Myers emphasized that specific jurisdiction must arise out of or relate to the defendant's contacts with the forum state-principally an activity or occurrence that takes place in the forum state-we cannot continue to utilize a test that implies that factor three has the same weight as the other four factors.
Therefore, we conclude that the five-factor test is no longer applicable. Instead, the following criteria are necessary for personal specific jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from or relate to the defendant's contacts with the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable. See, e.g. , Ficarelli v. Champion Petfoods USA, Inc. , No. 3:18-CV-00361, 2018 WL 6832075, *3 (M.D. Tenn. Dec. 28, 2018) ; Southern Mach. Co. v. Mohasco Ind., Inc. , 401 F.2d 374 (6th Cir. 1968).
Considering the foregoing, the circuit court could not exercise personal jurisdiction over Simmons in this matter. Certainly, Simmons advertised and conducted promotional activities in the state, but that alone is not sufficient for personal jurisdiction. The cause of action did not arise from or relate to Simmons's contact with Arkansas. Here, the controversy-Lawson's trip and fall-undisputedly occurred in Louisiana. Any alleged negligence related to this incident in Louisiana did not arise out of or relate to Simmons's contacts with Arkansas. "What is needed-and what is missing here-is a connection between the forum and the specific claims at issue."
*872 Bristol-Myers Squibb Co. , 137 S.Ct. at 1781. Without this fundamental connection, we cannot exercise specific personal jurisdiction over Simmons in this matter. We therefore affirm the circuit court's dismissal for lack of personal jurisdiction.
Affirmed; court of appeals opinion vacated.
Baker, J., concurs.