Cite as 2020 Ark. App. 66

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-19-279

|  |  |
|---|---|
| JERRY BRUCE LOFTIN<br><div align="right">APPELLANT</div><br>V.<br><br>FIRST STATE BANK<br><div align="right">APPELLEE</div> | **Opinion Delivered:** February 5, 2020<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-18-501]<br><br>HONORABLE BETH STOREY BRYAN, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Jerry Bruce Loftin filed a complaint against First State Bank (FSB) in the Washington County Circuit Court on February 22, 2018, seeking reinstatement of an annuity or, alternatively, money damages for the value of the annuity, and a declaratory judgment that he was entitled to full performance by FSB of a split-dollar life insurance agreement between him and FSB. On April 18, 2018, FSB filed a motion to dismiss pursuant to Rule 12(b)(6) of Arkansas Rules of Civil Procedure, and the circuit court entered an order on September 5, 2018, granting Loftin ten days to file an amended complaint to address the weaknesses alleged in the motion to dismiss. The amended complaint was filed on September 10, 2018, and FSB again filed a Rule 12(b)(6) motion to dismiss alleging that the annuity claims, which were based on an oral agreement between

the parties, were barred because the complaint failed to allege facts sufficient to toll the statute of limitations.[1] The circuit court granted FSB's motion to dismiss, finding that Loftin's claim for breach of an oral agreement was barred by the statute of limitations. On appeal, Loftin argues that the circuit court erred in finding that the doctrine of equitable tolling is inapplicable and that his claim is barred by the statute of limitations. We affirm.

We review a circuit court's decision on a motion to dismiss a complaint by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Hutcherson v. Rutledge*, 2017 Ark. 359, at 2, 533 S.W.3d 77, 79. In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face. *Id.*

Considering our standard of review, we begin with a summary of the facts as alleged in Loftin's complaint that are pertinent to the issues on appeal. Loftin had several decades of experience as a bank executive when he was approached in 1999 by FSB seeking to recruit him to open a loan-production office in Northwest Arkansas. When negotiating his employment, Loftin indicated his desire to work ten more years before he retired and requested a "capital, vesting interest in or from" FSB if he completed a ten-year term of employment. FSB was unwilling to provide Loftin with an equity position in FSB stock but instead offered an "Executive Supplemental Retirement Plan Executive Agreement"

---

[1]The amended complaint again sought a declaratory judgment that Loftin was entitled to full performance by FSB of the split-dollar life insurance agreement. Loftin agreed with FSB that the claim should be dismissed, and the order appealed from dismissed the insurance claim.

(SERP), funded through a whole life insurance policy paid for by FSB that would "create a substantial vested, capital amount for [Loftin] payable to him upon the completion of his tenure." This was an essential part of the consideration tendered for him to accept the position, and the SERP was initiated by the bank in writing effective November 16, 1999. Subsequently, the agreement was ratified, confirmed, and amended in writing on November 19, 2004.

In May 2009, new governmental regulations impacted the SERP. To fulfill its obligation with Loftin, FSB proposed terminating the SERP and replacing it with an annuity substantially equivalent to the SERP for which Loftin would be the owner, and FSB would pay the premiums. The consideration exchanged to accomplish this new agreement was the revocation of the SERP on May 14, 2009, and purchase of an annuity on May 19, 2009. Loftin made the application with MLT Insurance Company as the owner and annuitant of a deferred annuity, which was issued on May 26, 2009. FSB contracted with Loftin "in exchange for his continued employment" to make a total of six annual payments to the annuity, with the last payment to be made in May 2015, with a guaranteed value of $420,730.89. If at any point during the six-year period Loftin was terminated, he would own the annuity and the remaining balance. The first year's premium of $67,712 was paid by FSB.

Within the first year after the annuity was initiated, the Federal Deposit Insurance Corporation (FDIC) and the Arkansas State Bank Department (ASBD) discovered significant regulatory deficiencies with FSB. In order to avoid a regulatory takeover, FSB

entered into a "Memorandum of Understanding" (MOU) with the FDIC and the ASBD subjecting it to temporary regulatory control by those agencies. The MOU mandated that FSB implement, revise, and terminate various procedures and actions to avoid termination of its charter or other sanctions. The complaint alleged that these procedures and actions included the suspension of various executive-compensation packages and that thereafter, FSB suspended annual payments to Loftin's annuity without prior notice to, or discussions with, him.

Loftin alleged that he continued his employment with FSB while the annuity was suspended due to the MOU, fully and competently performing all his executive duties in exchange for the compensation promised him by FSB. However, Loftin was terminated on November 4, 2016. FSB operated under the MOU until approximately July 2017 at which point FSB had no legal or regulatory prohibitions against performing its annuity agreement with Loftin. Loftin further claimed that while FSB operated under the MOU, he had fiduciary duties to FSB that would have been violated had he pursued a claim, risking loss of employment and loss of compensation as an executive officer.

In ruling on the motion to dismiss, the court found in pertinent part,

4. With respect to the Annuity Claims, taking the facts alleged in the Amended Complaint as true, the Court finds that they are barred on the face of the Amended Complaint by the three (3) year statute of limitations set forth in Ark. Code Ann. § 16-56-105. Specifically, the Court finds that the breach of the oral agreement alleged by plaintiff occurred in May 2010, and the applicable statute of limitations therefore expired in 2013.

The court further found that the amended complaint failed to state facts sufficient to support a claim that the statute of limitations was equitably tolled.[2]

In the present case, there is no dispute that the applicable statute of limitations for an oral contract is three years pursuant to Ark. Code Ann. § 16-56-105 (Repl. 2005) and that the breach in this case—the failure to make an annuity payment—occurred in 2010. Loftin argues that the circuit court erred in finding that the doctrine of equitable tolling is inapplicable and that his claim is barred by the statute of limitations for oral contracts.

There are very few cases in Arkansas involving equitable tolling, and in those cases, the doctrine is not specifically defined. *See, e.g.*, *Skender v. Union Pac. R.R. Co.*, 2018 Ark. App. 234, at 4, 547 S.W.3d 751, 753; *Stracener v. Williams*, 84 Ark. App. 208, 214, 137 S.W.3d 428, 432 (2003). Loftin suggests that the doctrine of equitable tolling is best described as follows: "[E]ven when the defendant is faultless, if the plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit. This is equitable tolling." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996).

Loftin contends that due to circumstances beyond his control and through no fault of his own—specifically, FSB's being bound by the MOU and his fiduciary duties as an executive and board member of FSB—he was prevented from filing suit within the

---

[2]The court's oral ruling after arguments by counsel at the hearing on November 29, 2018, was incorporated into the written order.

limitations period, and equitable tolling should apply. He suggests that his case is analogous to *Young v. United States*, 535 U.S. 43 (2002). We disagree. While *Young* was an equitable-tolling case, it was also a bankruptcy case. The Supreme Court, in affirming the Fifth Circuit's decision, stated that "the IRS was disabled from protecting its claim during the pendency of the Chapter 13 petition, and this period of disability tolled the three-year lookback period when the Youngs filed their Chapter 7 petition." *Young*, 535 U.S. at 50–51. The Court concluded that "the lookback period of 11 U.S.C. § 507(a)(8)(A)(i) is tolled during the pendency of a prior bankruptcy petition." *Id.* at 54.

In *Young*, the bankruptcy law (the automatic stay of 11 U.S.C. § 362) prevented the IRS from taking steps to collect the unpaid taxes due. *Id.* at 50–51. There is no allegation in the amended complaint that the MOU prevented Loftin from filing a complaint. Rather, the complaint alleges that because of his position as an executive employee and stockholder of FSB, he had "substantial fiduciary duties to the Bank which would be violated were he to pursue a claim against the Bank for his rights regarding the Annuity contrary to the mandates of the MOU, risking loss of his employment and loss of compensation as an executive officer." He also alleged he would have been "risking loss of his stock values if he sued the Bank to compel it to act contrary to the MOU."

Loftin also argues that his fiduciary duty to FSB is a basis to apply equitable tolling and cites *Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001), in support of his argument. Loftin's reliance on *Golden Pacific Bancorp* is misplaced. That case involved a claim for breach of fiduciary duty that had a six-year statute of limitations under New York

6

law. Golden Pacific Bancorp sued the FDIC for breach of fiduciary duty arising from the FDIC's receivership of Golden Pacific Bancorp's subsidiary bank. The district court found in part that the claims were barred because the case was not filed within the statutory period after the alleged wrongful conduct, which occurred in June 1985. In vacating and remanding the district court's decision, the Second Circuit explained,

> Under New York law, the limitations period for claims arising out of a fiduciary relationship does not commence "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated." *Westchester Religious Inst. v. Kamerman*, 262 A.D.2d 131 (1999); *accord 196 Owners Corp. v. Hampton Mgmt. Co.*, 227 A.D.2d 296 (1996); *Bd. of Educ. v. Thompson Const. Corp.*, 111 A.D.2d 497 (1985). In such cases, the "statutory period [is] tolled between the alleged fiduciary misconduct" and the date on which the fiduciary relationship is openly repudiated or otherwise ended, so that any misconduct alleged before that end date "falls within the permissible temporal scope." *Kamerman*, 262 A.D.2d 131. A receivership is, of course, a type of fiduciary relationship and is therefore subject to this tolling period. *See, e.g.*, *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1080 (2d Cir.1972) (Friendly, J.) (applying New York law).

*Golden Pac. Bancorp*, 273 F.3d at 518–19 (citations omitted). The FDIC did not dispute that it owed Golden Pacific Bancorp fiduciary duties as receiver of the bank and that the FDIC did not terminate its fiduciary duty (its receivership of the bank) until November 1, 1995. *Id.* at 519. The court held that Bancorp had timely filed its claim on October 31, 1995. *Id.*

We agree with the circuit court that equitable tolling is not applicable to the facts of this case. Loftin has not alleged anything that prevented him from bringing an action against FSB based on the MOU or any fiduciary duties he may have owed to the bank. While it may not have been beneficial for Loftin as an executive officer to file a complaint to enforce the annuity agreement, there was no allegation that he was prevented from doing so.

Likewise, there was no allegation of fraudulent concealment that would have tolled the statute of limitations. Loftin was aware in 2010 that FSB failed to make payments on the annuity pursuant to the oral agreement. The statute of limitations ran in 2013. Having reviewed the facts alleged in the complaint, we agree with the circuit court that the action is barred by the statute of limitations.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *Constance G. Clark* and *William Jackson Butt II*, for appellant.

*Shemin Law Firm, PLLC*, by: *Kenneth R. Shemin*; and *Lax, Vaughan, Fortson, Rowe & Threet, P.A.*, by: *Grant E. Fortson*, for appellee.