Cite as 2024 Ark. App. 234

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-22-528

| | |
|---|---|
| SOUTHERN FORESTRY AND WILDLIFE, LLC | **Opinion Delivered** April 10, 2024 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60CV-20-5639] |
| V. | |
| JAMES B. FEINMAN | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEE | |
| | REVERSED; MOTION FOR SANCTIONS DENIED |

## BRANDON J. HARRISON, Chief Judge

This appeal is mostly about an Arkansas Rule of Civil Procedure 12(b)(6) dismissal based on a statute of limitations, but it is also about Arkansas Rule of Appellate Procedure–Civil 11. The parties are Southern Forestry and Wildlife, LLC (Southern Forestry), whose sole member (and head cook and bottle washer, we take it) is Benton Gann, an Arkansas lawyer; and James Feinman, an attorney who lives in Virginia. The stakes, under a final invoice from Southern Forestry that Feinman refused to pay, are $7,713.50. Except where we note otherwise, we take the facts from Southern Forestry's second amended complaint, the pleading the circuit court dismissed with prejudice.

Feinman is a duck hunter who leases hunting property in Prairie and Arkansas Counties. Southern Forestry provides turnkey caretaking services for owned or leased property, plants food plots, maintains hunting blinds, and otherwise maintains and inspects

the property. In December 2012, Feinman contacted Southern Forestry and entered a verbal agreement that contemplated an ongoing contractual relationship in which Southern Forestry would perform services for Feinman as requested and invoice him periodically for labor and materials. Initially, Feinman paid the invoices in full upon receipt. Around 1 December 2014, Feinman asked to defer payment of some invoiced amounts and have them included in future invoices. The parties did not set a specific time for performance. From that day to 15 October 2017, Feinman made regular payments on the balance owed and continued to ask Southern Forestry to perform additional services, which Southern Forestry did. And through that time, Feinman's "words and actions affirmed that [the] balances would be paid in full."

On October 15, Southern Forestry pleads, Feinman abruptly terminated the contractual relationship in an email. The following day, Southern Forestry sent a final invoice. On 16 November 2017, Feinman informed Southern Forestry he would not pay it. He met continued requests for payment with refusals that escalated to threats, including that he would sue for fraud, punitive damages, and attorney fees if he heard from Southern Forestry again, and that he would "never pay [Southern Forestry] a penny until a court tells me to." On those facts, Southern Forestry sought to recover the sum reflected in the final invoice under claims for breach of contract, promissory estoppel, and unjust enrichment.

That was not the first complaint in this action, of course—and this action was not the first between these parties involving this invoice. Gann filed an action on behalf of Southern Forestry for breach of contract in January 2019. But he was not a lawyer yet.

2

The circuit court dismissed the action without prejudice on Feinman's motion in May 2019 because Gann could not sue on behalf of his LLC without a law license.

Gann signed and filed the complaint in this action 7 October 2020. Like the later amended complaints, this one alleged that a "verbal agreement" existed between the parties. Feinman argued that a three-year statute of limitations under Arkansas Code Annotated section 16-56-105 (Repl. 2005) applied to, and barred, Southern Forestry's claims. Feinman sought leave, if the court did not dismiss the complaint, to file a counterclaim with his answer. Southern Forestry defended the timeliness of the October 2020 complaint, but superseded it with an amended complaint in January 2021.

On 4 January 2022, the circuit court denied the motion to dismiss. The order explained that, by the court's calculation, "plaintiff's Original Complaint in this matter was filed within the three-year statute of limitations." Feinman filed a timely answer and counterclaim asserting that he entered "written contracts" with Southern Forestry for services on his hunting property, and Southern Forestry had broken them. He requested $100,000 in compensatory damages, interest, attorney's fees, and court costs. Southern Forestry filed a motion to dismiss of its own, arguing Feinman failed to plead sufficient facts, failed to attach any written contracts as Arkansas Rule of Civil Procedure 10(d) required, and argued his counterclaim was barred by the applicable statutes of limitations and repose.

The parties agree now that there was no written contract. Although Feinman has abandoned his cross-appeal—the order on appeal dismissed his counterclaim alongside Southern Forest's second amended complaint—Southern Forestry has moved this court to sanction him for filing a notice of cross-appeal in the first place. The parties' tit-for-tat

filings sometimes recall a divorcing couple fighting in front of a dinner guest they have forgotten about. In any event, when the circuit court issued its second relevant order April 19, the active pleadings included Southern Forestry's claims on an alleged oral agreement, and Feinman's claims on an alleged written agreement, covering what appeared to be the same subject matter. Feinman denied, in his answer, virtually every averment in Southern Forestry's active complaint. The court entered an order as follows:

> 1. The Court has reviewed the pleadings in this matter and it appears there was no written contract between the parties. If there is a written contract, then it needs to be produced within 10 (ten) days of entry of this Order.

> 2. However, if there is no written contract, then the Court's ruling in the Order entered on [4 January 2022] was made in error. The three year statute of limitations would not apply and the Amended Complaint and Counterclaim should be dismissed.

Southern Forestry filed a second amended complaint April 27 elaborating on the factual allegations relevant to the parties' agreements and contractual relationship. Southern Forestry then responded to the April 19 order and advised that "upon reviewing all available evidence, [Southern Forestry's] counsel has not located any document that would clearly qualify as a written contract." Feinman did not respond to the order.

On May 18, the circuit court entered an order finding that, in the absence of a written contract, "the three-year statute of limitations applies." The order continued, "Therefore, Plaintiff's Second Amended Complaint and Defendant's Counterclaim is hereby dismissed with prejudice to refiling." The court had not held a hearing, and did not explain its rulings.

4

In essence, by entertaining and then rejecting a suggestion that a different limitations period for written agreements might apply, the circuit court had swapped an initial ruling that Southern Forestry's action on an oral contract was timely, for a final ruling that it was untimely, under the same limitations period from section 16-56-105. Further, though the court had indicated in the April 19 order that its earlier order denying Feinman's motion to dismiss might have been in error, the complaint whose timeliness the court had assessed then had been superseded.[1] The second amended complaint detailed the long history of Feinman's payment under loose terms, which only strengthened Southern Forestry's posture to argue (as it had) that its claims did not accrue until Feinman repudiated the agreement and refused to pay the final invoice. *Rice v. McKinley*, 267 Ark. 659, 590 S.W.2d 305 (Ark. App. 1979). And Feinman had not yet filed a motion to dismiss it.

The parties agree in their briefs that the material legal question is whether it was clear on the face of Southern Forestry's second amended complaint that the statute of limitations had run. *Loftin v. First State Bank*, 2020 Ark. App. 66, 596 S.W.3d 16. What standard of review to apply is not nearly as clear. Since our supreme court's opinion in *Doe v. Weiss*, 2010 Ark. 150, our appellate courts have mostly stated that review of a Rule 12(b)(6) dismissal is for abuse of discretion—described as "a high standard that requires not only error in the circuit court's decision, but also that the ruling was made improvidently,

---

[1]*See Matsukis v. Joy*, 2010 Ark. 403, at 7–8, 377 S.W.3d 245, 249 (reversing and remanding sua sponte dismissal in a similar posture); *see also A-1 Recovery Towing & Recovery, Inc. v. Walther*, 2023 Ark. 34, at 4, 660 S.W.3d 797, 799 (noting that supreme court "has repeatedly reversed circuit court orders sua sponte disposing of cases on the merits in the absence of dispositive motions"). Feinman filed a motion to dismiss later May 18.

thoughtlessly, or without due consideration." *Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, at 7–8, 589 S.W.3d 350, 356. Naturally, that's the standard Feinman urges us to apply.

Southern Forestry argues we should review de novo, the standard that has applied to review of a dismissal for legal insufficiency of the pleaded facts in American and English law since at least 1768. *See Nichols v. Swindoll*, 2022 Ark. App. 399, at 12–28 (Harrison, C.J., dissenting) (collecting cases from every federal circuit and every other state reviewing de novo, where appellant conceded standard was abuse of discretion). That would be consistent with our treatment of other legal questions answered from the pleadings.[2] It would also avoid inconsistency with de novo review we would conduct, at other points in a case, of the legal sufficiency of the same facts.[3]

In fact, the parties might have reached one of those "other points" here: the circuit court recited in its May 18 dismissal order that it had consulted the "record, pleadings,

---

[2]For example, subject-matter jurisdiction, *Cherokee Nation Businesses, LLC v. Gulfside Casino Partnership*, 2023 Ark. 153, at 5, 676 S.W.3d 368, 372; and personal jurisdiction, *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, at 5, 569 S.W.3d 865, 869. The determination that a pleading does (or does not) state facts on which the law allows relief should not be confused with discretionary decisions to "accept or reject pleadings" under other Rules—whether, for example, the circuit court abused its discretion by concluding it was too late to add a permissive counterclaim under Arkansas Rule of Civil Procedure 13(e). A decision whether to strike an amendment can include considerations collateral to the merits that the circuit court is better able to evaluate—whether an existing trial setting could accommodate the needed proof, for example, or whether a prejudicial amendment could have been filed sooner if the pleader had been diligent.

[3]For example, if the parties agreed the material pleaded facts were true, review of a summary judgment on those facts would be de novo. *See Hobbs v. Jones*, 2012 Ark. 293, at 8, 412 S.W.3d 844, 850 (citing *Aloha Pools & Spas, Inc. v. Emp.'s Ins. of Wausau*, 342 Ark. 398, 39 S.W.3d 440 (2000)). But the Rule 12(b)(6) analysis requires us to *assume* they are true. *E.g.*, *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003).

evidence, and all things and matters before it[.]" It noted Southern Forestry's statement, in response to the order to produce a written contract, that there was none. That admission was a matter "outside the pleading" under Rule 12(b)(6) (and "outside the pleadings," plural, under Rule 12(c)). If Feinman had moved to dismiss the second amended complaint, and the May 18 order had granted that motion, we would have to treat it as a summary judgment under the text of Rule 12 and our caselaw—and our review would be de novo. *Parsons v. Preferred Fam. Healthcare, Inc.*, 2023 Ark. 56, 662 S.W.3d 654.

But Southern Forestry never contended there *was* a written contract. Quite the opposite. Its admission that there was no written contract conflicted with Feinman's averments in his counterclaim. But Feinman abandoned his cross-appeal. None of the pleadings or papers were sworn to. They demonstrate that the parties simply disagree about what kind of agreement they had. Feinman offers a number of labels that might fit the arrangement Southern Forestry described, for determining the accrual date of its claims (an "open account" or a "debt payable on demand," among others.) But we conclude that determination, like the ultimate question of timeliness, is for the trier of fact.

Finally, Southern Forest moves us to sanction Feinman under Rule 11 of the Arkansas Rules of Appellate Procedure–Civil for filing a frivolous notice of cross-appeal. Rule 11(b)(1) expressly prohibits "taking or continuing a frivolous appeal or initiating a frivolous proceeding" separate from the prohibition in Rule 11(b)(2) on filing a "brief, motion, or other paper" without the proper purpose, and legal and factual grounding, required in Rule 11(a). Southern Forest argues that Feinman's counterclaim for damages in

7

the amount of $100,000 never had any grounding in law or fact, and was brought solely to intimidate him into dropping his demands for payment.

We assume that Rule 11 would allow our appellate courts to sanction parties for filing notices of appeal or cross-appeal in circuit court, in appropriate cases, even if the appeal or cross-appeal were not pursued. (For one thing, this would avoid an interpretation that would allow the circuit courts to sanction parties for seeking independent appellate review of their orders.) However, we decline to do so in this case. Feinman filed a notice of cross-appeal but promptly abandoned it in his appellee's brief. We see no evidence that the possibility of a cross-appeal imposed any more expense or burden on Southern Forestry than it would have borne by merely pursuing the appeal it noticed first.

Reversed; motion for sanctions denied.

ABRAMSON and HIXSON, JJ., agree.

*Ben Motal*, for appellant.

*Lovell, Nalley & Nalley*, by: *Chance W. Nalley*; and *Tim Cullen*, for appellee.