Cite as 2025 Ark. App. 211

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-696

| | |
|---|---|
| CORRY STAMPLEY | Opinion Delivered April 9, 2025 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | [NO. 18CV-19-130] |
| LG CHEM AMERICA, INC.; LG CHEM, LTD.; AND MK VENTURES, INC., D/B/A/ VAPORWIZE | HONORABLE KEITH L. CHRESTMAN, JUDGE |
| APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Corry Stampley appeals the Crittenden County Circuit Court's dismissal of his complaint against appellee, LG Chem, Ltd. ("LG Chem"), for lack of personal jurisdiction. On appeal, Stampley argues the circuit court erred in granting LG Chem's motion to dismiss because LG Chem is subject to specific personal jurisdiction under the stream-of-commerce theory. We affirm.

LG Chem is a Korean company that manufactures 18650 lithium-ion battery cells. Its headquarters and principal offices are in Seoul, South Korea. While LG Chem has never operated in the United States, its batteries are distributed throughout the country by third-party wholesalers.

Stampley is a resident of West Memphis, Tennessee. On or around April 12, 2018, Stampley purchased an 18650 lithium-ion battery for his electronic cigarette from VaporWize, an electronic cigarette shop in West Memphis, Arkansas. On June 3, 2018, Stampley was injured when he placed the battery in his pocket, and it exploded. The injury occurred when Stampley was visiting his mother in Shelby County, Tennessee. The explosion propelled component parts and battery acid onto Stampley's right thigh, groin, and leg.

In February 2019, Stampley filed suit in the Crittenden County Circuit Court against LG Electronics, U.S.A., Inc., and the retailer, MK Ventures, Inc., d/b/a VaporWize. On May 23, 2019, Stampley filed his first amended complaint, removing LG Electronics as a party and adding LG Chem America, Inc. On April 24, 2020, Stampley filed his second and final amended complaint against LG Chem, its American distributor, LG Chem America, Inc., and retailer MK Ventures, Inc., d/b/a VaporWize. In that complaint, Stampley alleged (1) LG Chem was in the business of "designing, testing, manufacturing, advertising, distributing, supplying and/or selling batteries, including the subject LG 18650 battery, for use in electronic cigarettes throughout the world, including Arkansas"; (2) LG Chem conducted "substantial business in Arkansas by purposefully causing its products, including the LG 18650 battery, to be marketed, distributed, sold and used in Arkansas"; and (3) LG Chem "derived significant revenue from its activities and the sale/use of its products in Arkansas."

On July 20, 2020, LG Chem moved to dismiss the case for lack of personal jurisdiction pursuant to Arkansas Rule of Civil Procedure 12(b)(2). In response, Stampley argued personal jurisdiction existed because LG Chem intended to serve the entire United States market for rechargeable 18650 lithium-ion batteries and could reasonably foresee being haled into Arkansas courts. On October 17, 2022, the circuit court issued a letter order allowing Stampley to conduct jurisdictional discovery.

On February 21, 2023, a deposition of Lee Hwi Jae, spokesperson for LG Chem, was conducted. Jae confirmed LG Chem had never been registered to do business in Arkansas and, to his knowledge, was not registered to do business anywhere in the United States. Jae further stated that LG Chem was aware its batteries were being sold in the United States and, theoretically, that could include Arkansas. However, Jae confirmed LG Chem had no records showing sales to the state of Arkansas and no records indicating it had ever sold batteries to HS Wholesale (the facility where the battery at issue in this case originated). Jae further explained the 18650 lithium-ion batteries are designed for industrial use and not as standalone, replaceable consumer batteries.

Following a hearing held on March 8, 2023, the circuit court found Arkansas lacked personal jurisdiction over LG Chem and dismissed the case.[1]

When personal jurisdiction is raised in a Rule 12(b)(2) motion to dismiss, a circuit court must consider whether the undisputed facts as pled establish personal jurisdiction.

___

[1]Stampley does not challenge the circuit court's ruling on lack of jurisdiction as to LG Chem America, Inc. He appeals only the dismissal of his action against LG Chem, Ltd.

3

*Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84, 569 S.W.3d 865. If the circuit court's jurisdictional ruling is based on the complaint alone or on the complaint supplemented by undisputed facts evidenced in the record, our review is de novo. *Id.* We determine whether the circuit court's application of the law is correct and, if the decision is based on undisputed facts, whether those facts are indeed undisputed. *Id.*

However, the circuit court may consider evidence outside the pleadings on a Rule 12(b)(2) motion. *Id.* A Rule 12(b)(2) motion may be supported with affidavits or other documents. *Id.* An evidentiary hearing with witness testimony may be conducted on the issue. *Id.* In considering this evidence, no presumptive truthfulness attaches to the plaintiff's allegations because the plaintiff has the burden of proving that jurisdiction exists. *Id.* (citing *Hawes Firearm Co. v. Roberts*, 263 Ark. 510, 565 S.W.2d 620 (1978)). The existence of disputed material facts cannot preclude the circuit court from evaluating for itself the merits of the jurisdictional claim. *Id.* If the circuit court resolves disputed factual issues, we review its findings for clear error. *Id.*

In this case, the circuit court concluded it lacked personal jurisdiction without resolving any disputed factual issues. Furthermore, the circuit court was not required to and did not make any credibility determinations. *Id.* Therefore, we review the circuit court's decision de novo. *Id.*

I. *Specific Jurisdiction*

Stampley argues the circuit court erred in finding it lacked personal jurisdiction over LG Chem. Specifically, Stampley argues that because LG Chem placed its product, the

4

lithium batteries, into the stream of commerce, and one of those batteries was purchased by a consumer in Arkansas, LG Chem is subject to specific personal jurisdiction in Arkansas. We disagree.

Arkansas's long-arm statute permits our courts to exercise personal jurisdiction to the maximum extent allowed by the Due Process Clause of the Fourteenth Amendment to the Unites States Constitution. *See* Ark. Code Ann. § 16-4-101(A)–(B) (Repl. 2010). Thus, in determining whether the circuit court was authorized to exercise personal jurisdiction over LG Chem, we must determine whether the exercise of jurisdiction comports with due-process limits. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Due-process requirements are satisfied when personal jurisdiction is asserted over a nonresident corporate defendant that has "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316 (internal quotation marks omitted). Minimum contacts must be based on "some act by which the defendant purposefully avails" himself of the forum state "such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Personal jurisdiction can either be general or specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Stampley has not alleged LG Chem is subject to general jurisdiction in Arkansas. Instead, if LG Chem is subject to Arkansas's jurisdiction, it must be through specific jurisdiction. Specific jurisdiction concerns an

5

"'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop*, 564 U.S. at 919 (quoting Arthur T. von Mehren & Donald T. Trautman, Jurisdiction To Adjudicate: A Suggested Analysis, 79 Harv. L. Rev. 1121, 1136 (1966). The specific-jurisdiction analysis is confined to the adjudication of the issues "deriving from or connected with, the very controversy that established jurisdiction." *Id.* (quoting von Mehren, *supra*, at 1136). The focus of the specific-jurisdiction analysis is "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

The Supreme Court recently reiterated its settled principles regarding specific jurisdiction in *Bristol-Myers Squibb Co. v. Super. Ct. of California*, 582 U.S. 255 (2017). In *Bristol-Myers*, a group of plaintiffs, including both California residents and nonresidents, brought a mass tort action against a pharmaceutical company, Bristol-Myers Squibb Co. ("BMS"), in California. *Id.* The plaintiffs asserted state law tort claims for injuries they suffered after ingesting the drug Plavix. *Id.* BMS is incorporated in Delaware, headquartered in New York, and maintains operations in New York and New Jersey. *Id.* It also has five research and laboratory facilities in California, but it did not develop, manufacture, label, package, or work on the regulatory approval for Plavix in California. *Id.* The out-of-state plaintiffs were not prescribed the drug in California, did not purchase the drug in California, did not ingest the drug in California, and did not suffer injuries in California. *Id.* The

6

California Supreme Court held that BMS was subjected to personal jurisdiction in California for the claims of the nonresident plaintiffs. *Id.* Applying a "sliding scale approach," it concluded that "BMS's extensive contact with California" permitted the exercise of specific jurisdiction "based on a less direct connection between BMS's forum activities and plaintiff's claims than might otherwise be required." *Id.* at 255, 260. The United States Supreme Court granted certiorari and reversed. *Id.* It explained that specific personal jurisdiction is proper only if the defendant's suit-related conduct—principally, an activity or an occurrence that takes place in the forum state—creates a substantial connection between the cause of action and the forum. *Id.* Absent a connection with the forum and the specific claims at issue, there is not personal jurisdiction. *Id.* Because insufficient contacts existed between California and the nonresidents' claims against BMS, California could not exercise specific personal jurisdiction over BMS. *Id.* The Supreme Court also rejected California's sliding-scale approach, which it said, "resembles a loose and spurious form of general jurisdiction." *Id.* at 256. It explained that

> [f]or specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, a corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.

*Id.* at 264.

The following criteria are necessary for personal specific jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from or relate to

7

the defendant's contact with the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable. *Lawson*, 2019 Ark. 84, 569 S.W.3d 865.

## II. *Purposeful Availment*

A finding of personal jurisdiction requires there to be some act by which the defendant purposefully avails himself or herself of the privilege of conducting business in the forum state. *Twin Springs Grp., Inc. v. Karibuni, Ltd.*, 2009 Ark. App. 649, 344 S.W.3d 100 (citing *Hanson v. Denckla*, 357 U.S. 235 (1957)). These contacts must be the defendant's own choice and not "random, isolated, or fortuitous." *Keeton*, 465 U.S. at 774. They must show the defendant deliberately "reached out beyond" its home—by, for example, "exploi[ting] a market" in the forum state or entering a contractual relationship centered there. *Id.* (citing *Walden*, 571 U.S. 277 (2014)).

In the present case, LG Chem is a Korean company with headquarters and offices in Seoul, South Korea. LG Chem has no licensed dealers or retailers in Arkansas, does not authorize or advertise consumer repair or replacement services in Arkansas, and its batteries are not manufactured in Arkansas. Further, LG Chem did not design or market its batteries as standalone, replaceable consumer batteries to be sold through retailers. The battery Stampley purchased from VaporWize did not come directly from LG Chem; rather, VaporWize purchased the batteries from Freaz Wholesale, its franchisor in Tennessee, who purchased the batteries from HS Wholesale in Illinois. A defendant's relationship with a

8

third party, standing alone, is an insufficient basis for jurisdiction. *Walden*, 571 U.S. at 286. Considering these facts, we cannot say LG Chem purposefully availed itself to the privileges of conducting business in Arkansas. The fact one of LG Chem's batteries was sold in an Arkansas store was not the choice of LG Chem but were "random, isolated, or fortuitous" events based on the actions of third-party wholesalers.

### III. *LG Chem's Contacts with Arkansas*

Even if LG Chem had purposefully availed itself to the privileges of conducting business in Arkansas, because LG Chem is not "at home" in this state, we may exercise jurisdiction only in certain cases. The plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum state. *Bristol-Myers Squibb Co.*, 582 U. S., at 256, (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (alterations omitted)); *see, e.g.*, *Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Int'l Shoe*, 326 U.S. at 319. Or put just a bit differently, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (quoting *Goodyear Dunlop*, 564 U.S. at 919).

The fact that Stampley purchased the battery in Arkansas is not dispositive. In *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021), the Supreme Court of the United States rejected the notion that specific jurisdiction of a suit against an automobile manufacturer could attach only in the state of first sale. *Id.* at 361–62. It held

9

that the allegation that the Montana resident plaintiff "suffered in-state injury because of defective products that [the company] extensively promoted, sold and serviced" in that state met the relatedness prong of the requirement that a suit either "arise out of *or relate to* the defendant's contacts with the forum." 592 U.S. at 371, 362 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262). Here, Stampley's injury occurred in Tennessee, not Arkansas. We have already established LG Chem did not extensively promote, sell, or service its batteries in Arkansas, and its presence in Arkansas was due to third-party wholesalers. Unilateral activity of a third party cannot satisfy the requirement of contact with the forum state. *Hanson*, 357 U.S. at 253.

## IV. *Reasonableness*

Finally, had Stampley proved the above threshold requirements to personal jurisdiction, he would still have to demonstrate it is reasonable to exercise that jurisdiction over LG Chem. Due process does permit state courts to "enforce the obligations which appellant has incurred" if it be found "reasonable and just according to our traditional conception of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 323–24.

Here, the circuit court concluded it would be unreasonable for Arkansas to exercise personal jurisdiction. It found that

> [t]he only alleged contact with Arkansas is Stampley's purchase of one LG battery separate from its pack in West Memphis. But LG didn't design, make, or market this product to be sold as a single battery or through retailers. And Stampley – a Tennessee resident – doesn't allege that the battery exploded or that he suffered his alleged injuries in Arkansas.

Considering the foregoing, the circuit court could not exercise personal jurisdiction over LG Chem in this matter. Certainly, Stampley purchased the product in Arkansas, but that alone is not sufficient for personal jurisdiction. The cause of action did not arise from or relate to LG Chem's contact with Arkansas. Here, the controversy—Stampley's injuries caused by the malfunctioning battery—undisputedly did not occur in Arkansas. Any alleged negligence related to this incident did not arise out of or relate to LG Chem's contacts with Arkansas. "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co.*, 582 U.S. at 265. Without this fundamental connection, we cannot exercise specific personal jurisdiction over LG Chem in this matter. Therefore, we affirm the circuit court's dismissal for lack of personal jurisdiction.

Affirmed.

ABRAMSON, J., agrees.

VIRDEN, J., concurs without opinion.

*Langdon & Emison LLC*, by: *David A. Brose*, *John Tyner*, and *Brett Simon*, *pro hac vice*; and *Nahon, Saharovich & Trotz, PLC*, by: *David W. Hill*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson*, for separate appellee LG Chem, Ltd.